U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
OCT 17 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| FREDERICK D. KYLE | DOCKET NO. 06-CV-0843; SEC. "P" |
| VERSUS | JUDGE DRELL |
| UNITED STATES BUREAU OF PRISONS | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the *pro se* civil rights complaint (42 U.S.C. § 1983) of Plaintiff Frederick D. Kyle, filed *in forma pauperis* on June 15, 2006. Plaintiff is currently incarcerated at United States Prison - Big Sandy in Inez, Kentucky. However, the acts complained of are alleged to have occurred at United States Penitentiary - Pollock in Pollock, Louisiana ("USP-P"). Petitioner brought this Bivens type action[1] against the United States Federal Bureau of Prisons, Warden Casterline, and "S. Dauzat, Finance Supervisor," alleging that the defendants deprived Plaintiff of personal property without due process of law.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to 28 U.S.C. § 626 and the standing orders of the court.

### STATEMENT OF THE CASE

According to Kyle, on June 4, 2002, while housed at USP-P, he received a settlement check in the amount of seven thousand one hundred seventy dollars and sixteen cents ($7,170.16). [Doc. #5 p.8] While housed at USP-P, Plaintiff claims that a total of four thousand eight hundred ninety-five dollars ($4,895.00) were withdrawn from his inmate account, but that he did not spend said

---

[1] See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 397 (1971).

funds.

## LAW AND ANALYSIS

1. FRIVOLITY REVIEW

When a prisoner seeks redress from a governmental entity or from an officer or employee of a governmental entity, the court is obliged to evaluate the complaint and dismiss it without service of process, if it is frivolous,[2] malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C.1915A; 28 U.S.C.1915(e)(2); Ali v. Higgs, 892 F.2d 438, 440 (5th Cir.1990). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C.1997e(c)(1).

A hearing need not be conducted for every *pro se* complaint. See Wilson v. Barrientos, 926 F.2d 480, 483, n. 4 (5th Cir. 1991). A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone. See Green v. McKaskle, 788 F.2d 1116, 1120 (5th Cir. 1986). District courts must construe *in forma pauperis* complaints liberally, particularly in the context of dismissals under § 1915(e)(2)(B), but are given broad discretion in determining when such complaints are frivolous. See Macias v. Raul A. (Unknown) Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A civil rights plaintiff must support his claim(s) with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. See Schultea v. Wood, 47 F.3d 1427, 1433 (5th Cir.1995). Nevertheless, a district court is bound by the allegations in a plaintiff's complaint and is "not free to speculate that the plaintiff 'might' be able to state a claim

---

[2] A claim is frivolous if it lacks an arguable basis in law or in fact. See Booker v. Koonce, 2 F.3d 114, 115 (5th Cir. 1993); Denton v. Hernandez, 504 U.S. 25 (1992).

if given yet another opportunity to add more facts to the complaint." Macias at 97.

II. BIVENS CLAIM

Plaintiff filed suit under Bivens, which provides a legal remedy for a victim of unconstitutional conduct by a federal actor or agent. Bivens is the counterpart to 28 U.S.C. § 1983 and extends the protections afforded under § 1983 to parties injured by federal actors. See Evans v. Ball, 168 F.3d 856, 863 n. 10 (5th Cir. 1999). To state a claim under Bivens, the plaintiff must assert the violation of a constitutional right. Here, Plaintiff claims that his constitutional right to due process was violated by the "embezzlement" of money from his inmate account.

The **negligent** deprivation of property by a state or federal employee can never constitute a deprivation of due process. See McNeair v. Snyder, 7 Fed. Appx. 317, 319 (6th Cir. 2001), citing Daniels v. Williams, 474 U.S. 327, 333-34 (1986). The **unauthorized intentional** deprivation of property does not constitute a due process violation if a meaningful post-deprivation remedy is available. See id., citing Hudson v. Palmer, 468 U.S. 517, 531-33 (1984); Vicory v. Walton, 721 F.2d 1062, 1066 (6th Cir. 1983). In the instant case, Plaintiff's allegation that his money was embezzled does not raise a constitutional violation because a meaningful post-deprivation remedy was and is available to the plaintiff. Without the violation of a constitutional right, Plaintiff's claim fails under Bivens.

III. MEANINGFUL POST-DEPRIVATION REMEDY

As a federal prisoner asserting that federal employees embezzled his property, Plaintiff's "meaningful post-deprivation remedy" is provided through the Federal Tort Claims Act ("FTCA"). See Gordon v. Day, 172 Fed. Appx. 565, 567 (5th Cir. 2006); see also 28 U.S.C. §§ 1346(b), 2674; McNeair v. Snyder, 7 Fed. Appx. 317, 319 (6th Cir. 2001). The FTCA prescribes that district courts have jurisdiction against the United States for claims "for injury or loss of property, or personal

injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office of employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1).

In this case, the plaintiff **did not** present claims under the FTCA, his proper post-deprivation remedy. Plaintiff only alleged that his rights were violated under Bivens. However, even if Plaintiff had filed suit under the FTCA, his claim would have been dismissed for failure to properly exhaust administrative remedies. The FTCA contains its own exhaustion provision whereby, before filing suit, the claim must properly be submitted to the appropriate federal agency and finally denied. 28 U.S.C. § 2675(a). Exhaustion procedures for tort claims under the FTCA are separate and distinct from the exhaustion requirements for a Bivens or other type of claim. See Lambert v. United States, 2006 U.S. App. LEXIS 21963 (11th Cir. 2006); Janis v. United States, 162 Fed. Appx. 642 (7th Cir. 2006). Plaintiff has not alleged or provided evidence of exhaustion under the FTCA.[3]

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's claims be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties

---

[3] In fact, Plaintiff's claim is not even properly exhausted under Bivens. Plaintiff submitted "evidence of exhaustion" showing that he appealed the warden's decision up to the BOP Central Office. His appeal was rejected at that level because he failed to submit copies of the administrative remedy request or response from the warden. [Doc. #6, p.2.]

aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

**THUS DONE AND SIGNED** in Chambers at Alexandria, Louisiana, this 17th day of October, 2006.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE